**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS**

| | |
|---|---|
| **STEVEN DUCKWORTH,**<br>**Plaintiff,**<br><br>v.<br>**MIDLAND CREDIT MANAGEMENT INC,**<br>**Defendant.** | )<br>)<br>)<br>)   No.<br>)   **JURY TRIAL DEMANDED**<br>)<br>) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k (d).

2. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendant, in its illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff, Steven Duckworth (hereinafter referred to as "Plaintiff Duckworth"), is a natural person who resides in Shelby County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).Defendant, Midland Credit Management , Inc. (hereinafter "Defendant Midland"), is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit Limited Liability Company organized in Kansas, and may be served through its agent for service of process at, Midland Credit Management,

Inc. 5100 Poplar Avenue Ste. 2000 Memphis, TN 38137-2000 as its registered agent for service of process.

## FACTUAL ALLEGATIONS

5. Defendant Midland has alleged that Plaintiff Duckworth incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to or serviced by Citibank Credit Card (hereinafter "Citibank").

6. After alleged default, the debt was transferred to Defendant Midland for collection from Plaintiff Duckworth.

7. Defendant Midland regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

### *First Collection Lawsuit*

8. On January 11, 2022, Defendant Midland filed a Civil Warrant with an Affidavit of Sworn Account against Plaintiff in General Sessions Court of Shelby County.  The case number was 2118891.

9. The Civil Summons and sworn Affidavit were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

10. Defendant Midland filed the collection lawsuit seeking to collect in the Civil Summons for: Deficiency balance due and owing on a sworn contract account in the principal amount of $2,078.89 plus post-judgment interest and court costs.

11. On May 16th, 2022 the case was dismissed without prejudice due to failure to prosecute.

12. Plaintiff Duckworth, entered into settlement negotiations with Britany Kandow who worked for the Defendant Midland on June 26, 2023 which was the date the parties settled the debt associated with Case number 2118891. The parties in ended up settling for $1,767.06.

13. On July 25th, 2023 William Kaludis signed the Consent judgment for Plaintiff Duckworth, and a copy was emailed to the Defendant Midland.

14. While the Consent Judgment was not valid as a court judgment because Case No 2118891 was no longer an open case because it was dismissed for failure to prosecute, the proposed Consent Judgment showed the intent of the parties to settle the debt and the terms of the settlement. The terms of the settlement state that each side will release the other from any claims that could be asserted upon payment of the entire settlement which the Plaintiff Duckworth did.

### *Second Collection Lawsuit*

15. On October 10, 2024, Defendant Midland sued Plaintiff Duckworth for $211.83 in Case number 2285908 in Shelby County General Sessions court. Plaintiff believes that Defendant Midland intended to sue $311.83 because that is the difference between $2,078.89, which the original amount sued for, and $1,767.06, the amount settled for, but a math error occurred in Plaintiff Duckworth's favor and the Defendant Midland sued for $211.83 instead $311.83.

16. Despite the math error in the Plaintiff Duckworth's favor, Defendant Midland pursuant to the settlement agreement, which was paid in full, had no right to sue was trying to collect money that was not owed.

17. The filing of the State court collection lawsuit in Shelby County, Tennessee by the Defendant was a violation by trying collect money that was not owed to the Defendant

Midland as defined in 15 U.S.C. § 1692e, e(2), and (f). Therefore, Defendant Midland has violated the Fair Debt Collection Practices Act.

### *Summary*

18. The above-detailed conduct by Defendant in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of provision of the FDCPA including, but not limited to the above-cited provision of the FDCPA.

### TRIAL BY JURY

19. Plaintiff is entitled to and hereby respectfully demand a trial by jury. *U.S. Const. amend. 7; Fed.R.Civ.P. 38.*

### CAUSES OF ACTION

### COUNTS I - IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2)

20. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

21. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

22. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### COUNTS I - IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

- **15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for each Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Defendant, and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

Dated:  October 3, 2025

Respectfully submitted on behalf of:

**STEVEN DUCKWORTH**

***/s/ William M. Kaludis***
William M. Kaludis
SHIELD LAW GROUP
BPR #017433
1230 2nd Ave. S.
Nashville, TN 37210-4110
Phone: (615) 742-8020
Fax: (615) 255-6037
bill@shieldlawgroup.com